**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 17-cv-00637-RM-SKC

UNITED STATES EX REL. SAMUEL J. MAY, an individual,

    Plaintiff,

v.

UNITED STATES OF AMERICA;
THE DEPARTMENT OF JUSTICE, an agency of the United States;
THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, an agency of the United States;
FOOD AND DRUG ADMINISTRATION, an agency of the United States;
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, an agency of the United States;
DEBORAH ZWANY, SARA WINSLOW, in individual capacity, Department of Justice;
PATRICK HANNIGAN, in individual capacity, Office of Criminal Investigations;
OMOTUNDE OSUNSANMI, in individual capacity, Food and Drug Administration;

    Defendants,

v.

AMGEN USA INC., et al., a California and Delaware Corporation,

    Defendant.

---

## ORDER
---

This matter is before the Court on Plaintiff's opposed motion seeking an appointment of counsel (ECF No. 69) under D.C.COLO.LAttyR 15(e)(1)(C). Plaintiff states he is seeking

limited representation but his request as to matters in which he seeks representation shows it is for general representation.

The Court has discretion as to whether to appoint counsel in a civil matter. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). In exercising its discretion, the factors the Court considers include the nature and complexity of the action; the merits of the unrepresented party's claims; the demonstrated inability of the unrepresented party to retain counsel by other means; and the interests of justice to be served by an appointment. *See Toevs*, 685 F.3d at 916; D.C.COLO.LAttyR 15(f)(1)(B). *See also Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). "'The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel.'" *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id*. (citation and quotation omitted).

Upon consideration of the record, the Court finds it insufficient to support the appointment of counsel. First, while Plaintiff's papers contains numerous allegations and arguments, Plaintiff is nonetheless apparently well versed with them. Moreover, the only matters remaining are whether the Court should dismiss the unserved defendants and Plaintiff's motion for reconsideration.[1] Matters which are not unduly complex. Next, the Court is familiar with this case and its lack of merit as shown by the Court's order of dismissal. Thus, it would also not be in the interest of justice to appoint counsel. In summary. even if Plaintiff is unable to find counsel on his own, the facts and circumstances of this case show an appointment of counsel is not warranted. Accordingly, Plaintiff's request is denied.

---

[1] The Court is aware these matters are pending and that the parties are awaiting a resolution of the remaining issues.

While the Court denies Plaintiff's request for an appointment of counsel, it provides notice to Plaintiff of the Federal Pro Se Clinic which provides free legal assistance to people representing themselves in the U.S. District Court for the District of Colorado. The Clinic cannot assist with criminal, bankruptcy, habeas, appeals, or any state cases. If Plaintiff wishes to avail himself of this service, he may make an appointment by telephone at 303-380-8786 or online at http://www.cobar.org/fpsc. The Clinic is located at: Alfred A. Arraj Courthouse (first floor), 901 19th Street, Denver, CO 80294.

In accordance with the foregoing, the Court ORDERS that Plaintiff's motion for appointment of counsel (ECF No. 69) is DENIED.

DATED this 26th day of September, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge