IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 17-cv-00637-RM-SKC

UNITED STATES EX REL. SAMUEL J. MAY, an individual,

    Plaintiff,

v.

UNITED STATES OF AMERICA;
THE DEPARTMENT OF JUSTICE, an agency of the United States;
THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, an agency of the United States;
FOOD AND DRUG ADMINISTRATION, an agency of the United States;
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, an agency of the United States;
DEBORAH ZWANY, SARA WINSLOW, in individual capacity, Department of Justice;
PATRICK HANNIGAN, in individual capacity, Office of Criminal Investigations;
OMOTUNDE OSUNSANMI, in individual capacity, Food and Drug Administration;

    Defendants,

v.

AMGEN USA INC., et al., a California and Delaware Corporation,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the following matters:

(1) Plaintiff's response (ECF No. 66) to the Court's Order (the "Order") (ECF No. 65) to show cause why the following Defendants should not be dismissed for failure to comply with Fed. R. Civ. P. 4(m): the Food and Drug Administration; Equal Employment Opportunity Commission; Deborah Zwany; Sara Winslow; Patrick Hannigan; and Omotunde Osunsanmi (collectively, the "Unserved Federal Defendants");

(2) Defendant Amgen's Supplemental Submission of Reasonable Attorney's Fees (the "Supplement") (ECF No. 68); and

(3) Plaintiff's "Leave to File Motion for Reconsideration and Judgment in Support of Plaintiff's Notice of Supplemental Authority; Respective Replies, and Response to Show Cause Order" (the "Motion to Reconsider") (ECF No. 80).

Upon review of these pending matters, and being otherwise fully advised, the Court finds and orders as set forth below.[1]

## I. BACKGROUND

The parties are well versed with the background which precedes this Order so it will only be briefly summarized here.

Plaintiff filed this action on March 10, 2017. The time period to serve defendants expired on June 8, 2017. By Order dated August 29, 2018, the Court adopted the Magistrate Judge's recommendation to grant Defendant Amgen's and the Federal Defendants'[2] respective

---

[1] In the Court's order denying Plaintiff's motion for appointment of counsel (ECF No. 85), the Court inadvertently omitted the outstanding issue of the amount of fees to be awarded to Defendant Amgen. This outstanding issue does not change the Court's analysis or decision to deny Plaintiff's motion.

[2] The Federal Defendants are those federal defendants who were served: the United States, the U.S. Department of Justice, and the U.S. Department of Health and Human Services.

substantive motions and to dismiss these defendants. The Court also accepted the recommendation to grant Defendant Amgen's motion for attorney's fees. The amount of the fees to be awarded were to be determined upon further briefing. The Court, however, rejected the recommendation to dismiss the entire complaint with prejudice because, as relevant here, the Unserved Federal Defendants remained. Accordingly, the Court's Order contained (1) a show cause order (OSC") directing Plaintiff to show cause why the Unserved Federal Defendants should not be dismissed for failure to timely effect service and (2) an order directing Defendant Amgen to brief the amount of fees to be awarded.

Plaintiff filed a response to the OSC. Defendant Amgen and the Federal Defendants filed responses to Plaintiff's response, to which Plaintiff filed a reply. Defendant Amgen filed the Supplement, to which Plaintiff filed a response. Defendant Amgen thereafter filed a reply in support of its fee request. Meanwhile Plaintiff filed a "motion for reconsideration" pursuant to Fed. R. Civ. P. 60(b), 52(a), and 52(c).[3] Upon review of the motion for reconsideration, the Court found no response was required. These matters are ripe for resolution.

## II. ANALYSIS

### A. Plaintiff's *Pro Se* Status

The Court construes Plaintiff's filings liberally because he proceeds *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, the Court does not serve as Plaintiff's advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009), and he is required to follow the same procedural rules as counseled parties. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status 'does not excuse the obligation of any litigant

---

[3] To the extent this motion seeks to supplement Plaintiff's prior response to the OSC, this request is denied as the matters raised therein are untimely and/or irrelevant to the OSC.

to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.'" (citation omitted)).

**B. The OSC and Plaintiff's Response**

*1. Plaintiff's Request for an Extension of Time*

Pursuant to Fed. R. Civ. P. 4(m) "[i]If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Plaintiff raises several arguments, none of which are sufficient to support an extension of time to serve the Unserved Federal Defendants.[4]

First, Plaintiff argues his Article III standing must be addressed before the Unserved Federal Defendants should be dismissed. As the Federal Defendants argue, standing is a distinct issue from service. And, it is timely service which is at issue. Thus, this argument fails to show or support good cause for Plaintiff's lack of timely service on the Unserved Federal Defendants.

Next, relying on a letter he received from the Department of Justice dated February 23, 2016,[5] Plaintiff argues he believed that his service in *2016* on the Department of Justice and the Department of Health and Human Services regarding an administrative tort claim "fully satisfied the service requirement for all the named Federal Defendants" for this civil action filed in *2017*. Nothing in that letter, however, would support such a belief. Moreover, Plaintiff's argument rings hollow in light of other admissions and statements contained in the court record. For example, in May 2017, Plaintiff stated "I *elected* not to serve the complaint to the individually

---

[4] Plaintiff raises a number of other arguments which are irrelevant and not responsive to the OSC, e.g., arguments about subject matter jurisdiction. These arguments merit no discussion and are summarily rejected by the Court.
[5] ECF No. 1-2, p. 12.

named Government's past or present employees[] at this time" because he believed that only the United States could be sued for money damages.[6] (ECF No. 32, p. 7 at ¶ 12 (emphasis added).) And, Plaintiff admits he obtained legal advice on this damages issue. (ECF No. 66, p. 7 at II.vi. & p. 8 at ¶ II.vii.) Therefore, this argument does not show good cause.

Third, Plaintiff contends he was precluded from engaging in any court filings including effecting service on the Unserved Federal Defendants "without seeking leave of Court"[7] because of two stay orders entered by the Magistrate Judge. The record does not support this contention.

The first stay order was entered on May 3, 2017, but, as Plaintiff knew, this was a stay of *discovery*. (*See, e.g.,* ECF No. 27 (granting Defendant Amgen's motion to stay discovery); No. 66, p. 4 at ¶ 12 & p. 9 (Plaintiff recognizing the stay governed discovery).) Moreover, *after* the stay order was entered, Plaintiff served the Federal Defendants and elected not to serve the Unserved Federal Defendants (*see* ECF No. 74, pp. 3-4; No. 32, p. 7 at ¶ 12).

The second stay order was entered on August 3, 2017 but by then the 90-day period in which to serve all defendants had already passed. But, that stay order prevented any filings – it did not prevent any service (which would nonetheless have been untimely). Moreover, even assuming the stay order did so, Plaintiff recognizes that he could have sought leave of the court to effect service. He, however, did not.

At bottom, the record shows Plaintiff made an affirmative decision not to serve the Unserved Federal Defendants. Such a decision – and the other rationales offered by Plaintiff – fail to show good cause for any extension of time for service. The Court's inquiry, however,

---

[6] In some instances, Plaintiff refers to the six unserved defendants as "individually named Defendants" (ECF No. 66, p. 4 at ¶ 12). However, as set forth above, four are individually named Defendants and two are federal entities.
[7] ECF No. 66, p. 10 at IV.1.

5

does not end here. Plaintiff also argues that an extension is mandatory in this instance and permissive under *Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995).

Specifically, Plaintiff contends that Fed. R. Civ. P. 4(i)(4) applies. Under Rule 4(i)(4), a court "must" allow a party a "reasonable time" to "cure" its failure to:

> (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or
>
> (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

The Court finds this rule inapplicable to the facts and circumstances here

First, this rule covers *curing* ineffective service. Plaintiff has not argued – or shown – that he even attempted to serve the Unserved Federal Defendants in compliance with Rule 4. Instead, the record shows he elected not to do so. Hence, there is nothing to cure. Second, as to the individually named Unserved Federal Defendants, Rule 4(i)(A)(B) requires those individuals to have been served. If they had been, then a plaintiff may cure any failure to *also serve* the United States. But, Plaintiff has not served the individually named Unserved Federal Defendants. Finally, the rule allows for a "reasonable time" to cure. Here, assuming that cure is permissible under Rule 4, Plaintiff was placed on notice that these six defendants were not served no later than May 3, 2107. (*See* ECF No. 29, p. 2 nn.1-2; No. 42, p. 2 n.1.[8]) And, Plaintiff was notified again on August 25, 2017. (ECF No. 42, p. 2 n.1 & No. 43, p. 2 n.1.) But, Plaintiff failed to act. Instead, Plaintiff waited until the Court issued its OSC in August 2018 to ask for additional time. Plaintiff's request is unreasonable; it is simply too late.

---

[8] In the Federal Defendants' Partial Motion to Dismiss, filed August 25, 2017, counsel stated: "With respect to the unserved defendants, the Court should dismiss them from the case for failure to timely serve the complaint on them. *See* Fed. R. Civ. Proc. 4(m). On May 3, 2017, undersigned counsel [for the Federal Defendants] alerted Plaintiff to the fact that none of the defendants were properly served, and pointed Plaintiff to the requirements set forth in Fed. R. Civ. Proc. 4(i). Plaintiff acknowledged this, and subsequently served the three Federal Defendants on May 15, 2017, but, as known to undersigned counsel, took no action to serve the remaining federal defendants."

*Espinoza* also does not afford Plaintiff reprieve. There, the *Espinoza* Court recognized that, under Rule 4(m), if a plaintiff establishes good cause, an extension of time is mandatory. If a plaintiff fails to establish good cause, a district court is nonetheless afforded the discretion to extend the time for service. The Court finds on this record that the exercise of its discretion is not warranted under the three factors upon which Plaintiff relies.

First, Plaintiff contends the statute of limitations may have expired. But, Plaintiff was well aware of the statute of limitations issue back in August 2017 (ECF NO. 43, p. 2) but still failed to act. Moreover, the Court has already found that some of the claims are *already* time barred. (ECF No. 65, p. 9.) Next, Plaintiff argues the service requirements are complex, but the Federal Defendants specifically advised Plaintiff of the requirements under Rule 4 and Plaintiff was able to serve the Federal Defendants. Finally, Plaintiff apparently contends he was hampered by his *pro se* status. But, he has not shown this is so because he was able to properly serve the Federal Defendants, he consulted with a lawyer regarding what damages were recoverable, and he elected not to serve the Unserved Federal Defendants. In summary, the Court finds the facts and circumstances in this case do not support a permissive extension of time. Accordingly, the Order to Show Cause is made ABSOLUTE.

### 2. *Plaintiff's Alternative Request for a Status Conference*

Plaintiff requests, in the alternative, that if the Court finds Plaintiff's claims are redressable without the Unserved Federal Defendants, the Court should hold a status conference. As the Court has now found dismissal is proper as to all defendants, there is no need for any status conference. Accordingly, this alternative request is denied.

### C. Defendant Amgen's Supplement regarding Attorney's Fees

In accordance with the Court's order, Defendant Amgen submitted the Supplement setting forth the qualifications and experience of counsel, a detailed description of the services rendered and the time spent on such services, and the hourly rates charged. Defendant Amgen seeks a total of $40,000 in fees, the agreed capped fee between Defendant Amgen and its counsel. Based on a blended hourly rate of $400 per hour for attorneys and $140 per hour for paralegals, the actual fees that would have been charged had services been performed on an hourly basis based on the blended rate exceeds the capped fee. Based on the normal hourly rates charged by the attorneys and paralegals in this case, the actual fees that would have been charged based on these rates would also have exceeded the capped fee. And, upon review, the Court finds that, based on the capped fee, the amount requested is reasonable.[9]

Plaintiff's response raises two arguments, neither of which shows the amount of fees requested should be denied. First, Plaintiff opposes (summarily) an award of fees rather than the reasonableness and necessity of the amount of fees Defendant Amgen seeks. The Court rejects this argument as conclusory and, therefore, waived. Even if not waived, this argument is rejected on the merits because the Court has already determined that an award is to be had. The issue at hand is the amount of such award, to which Plaintiff has stated he has no objection. (ECF No. 80, p. 4.)

Plaintiff's second argument fares no better – he asserts that any award should be shifted to the Federal Defendants. Plaintiff's argument that Defendant Amgen's fees may be due to the

---

[9] The Court renders no opinion on the reasonableness of the total time expended or the rates that were or would have been charged because even if the Court were to reduce the time expended and such rates by 10% the total fees would still exceed the capped amount.

conduct of the served and unserved federal Defendants and the like are without merit. Thus, the Court rejects this argument as well.

In summary, the Court finds that an award of $40,000 in fees is reasonable under the facts and circumstances of this case.

### D. Plaintiff's Motion for Reconsideration

Plaintiff requests reconsideration under Fed. R. Civ. P. 60(b), 52(a), and 52(c). To start, Rule 52(a) and (c) apply to bench trials or trials with an advisory jury or an amendment of judgment entered after such trials; therefore, Rule 52 is inapplicable here. Rule 60(b) also provides Plaintiff no relief.

Rule 60(b) contains six separate basis on which a party may obtain relief: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Plaintiff fails to show – or even argue – that reasons (1) through (5) apply. This leaves reason (6).

Assuming Rule 60(b) otherwise applies, "[a] Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191-92 (10th Cir. 2018) (citation omitted). Moreover, a "district court has substantial discretion in connection with a Rule 60(b) motion." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). The burden is on the moving party to prove relief is warranted under Rule 60(b). *See id.* (movant required "to plead

and prove excusable neglect" (emphasis in original)). The Court considers the arguments of Plaintiff below.

Plaintiff's arguments are extensive, but none show relief should be afforded.[10] For example, Plaintiff cites to *Henry Schein, Inc. v. Archer & White Sales, Inc.*, -- U.S. --, 139 S. Ct. 524, 202 L. Ed. 2d 480 (2019) where the Supreme Court held that there is no "wholly groundless" exception in the Federal Arbitration Act. But, whether such an exception exists or not is irrelevant to the issues decided in the Order. Similarly, Plaintiff contends the sole issue is his damages payment. On the contrary, the Order dismissed Plaintiff's claims based on Rule 12(b)(1) and 12(b)(6). What Plaintiff seeks in his motion is an order requiring compensation (damages) be paid to him. Plaintiff fails, however, to provide any legal or factual basis to show he should be relieved of the Order dismissing his claims, much less be given an order granting him damages.[11]

### III. CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That the Order to Show Cause (ECF No. 65) is made ABSOLUTE and the following defendants are hereby DISMISSED WITHOUT PREJUDICE: the Food and Drug Administration; Equal Employment Opportunity Commission; Deborah Zwany; Sara Winslow; Patrick Hannigan; and Omotunde Osunsanmi;

(2) That Defendant Amgen is awarded $40,000 in attorney's fees against Plaintiff;

(3) That Plaintiff's motion for reconsideration (ECF No. 81) is DENIED;

---

[10] Even if the Court were to consider Plaintiff's motion under *Servants of the Paraclete v. Does*, 204 F.3d 1005 (10th Cir. 2000), Plaintiff would still not prevail. "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* at 1012. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* Here, Plaintiff fails to show reconsideration is appropriate.

[11] Alternatively, Plaintiff sought leave to file a motion for a hearing to dispose of the issue of damages. But, the issue in the Order was not of damages. Accordingly, this request is denied.

(4) That Defendant Amgen and Federal Defendants are awarded costs and shall within 14 days of the date of this Order file a bill of costs, in accordance with the procedures under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1, which shall be taxed by the Clerk;

(5) That the Clerk shall enter JUDGMENT in favor of Defendants and against Plaintiff; and

(6) That the Clerk shall CLOSE THIS CASE.

DATED this 18th day of November, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge