# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 17-cv-00637-RM-SKC

UNITED STATES EX REL. SAMUEL J. MAY, an individual,

    Plaintiff,

v.

UNITED STATES OF AMERICA;
THE DEPARTMENT OF JUSTICE, an agency of the United States;
THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, an agency of the United States;
FOOD AND DRUG ADMINISTRATION, an agency of the United States;
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, an agency of the United States;
DEBORAH ZWANY, SARA WINSLOW, in individual capacity, Department of Justice;
PATRICK HANNIGAN, in individual capacity, Office of Criminal Investigations;
OMOTUNDE OSUNSANMI, in individual capacity, Food and Drug Administration;

    Defendants,

v.

AMGEN USA INC., et al., a California and Delaware Corporation,

    Defendant.

---

# ORDER

---

This matter is before the Court on the following motions: (1) "Plaintiff's Motion to Reopen Case or the Motion to Alter or Amend or Set Aside or Vacate Judgment and Grant an

Evidentiary Hearing in Order to Determine Jurisdictional Discovery with Brief in Support or, in the Alternate, Relief from Final Judgment Pursua[nt] to Fed. R. Civ. P. 60(b)" (the "Rule 59/60 Motion") (ECF No. 89); (2) Plaintiff's "Leave of Court to File Motion for Extension of Time in Order to Supplement the [Proposed] First Amended Complaint and Serve the Defendants' Dismissed Without Prejudice Pursuant to Fed. R. Civ. P. 6, D.C.COLO.LCivR 6.1 & 7.1 and Brief in Support"[1] (the "Rule 6 Motion") (ECF No. 90); and (3) Plaintiff's "Leave of Court to File Motion to Remove Defendants' from the Case Files" (the "Removal Motion") (ECF No. 91). The Court finds no further briefing is required on the motions before ruling. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). Upon consideration of these pending motions, and the court record, and being otherwise fully advised, the Court finds and orders as follows.

## I. BACKGROUND

The parties are well-versed with the background of this case, so it will only be briefly summarized here. At bottom, Plaintiff seeks a "relator share" of a settlement between Defendant Amgen and the United States. The Court has now dismissed all claims and all parties, and final judgment has entered. (ECF Nos. 65, 87, 88.) Plaintiff's motions followed, as did his appeal of the Court's orders to the Tenth Circuit (ECF No. 92).

## II. LEGAL STANDARD

### A. Plaintiff's *Pro Se* Status

The Court construes Plaintiff's filings liberally because he proceeds *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, the Court does not serve as Plaintiff's advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009), and he is required to follow the same procedural rules as counseled parties. *See Yang v. Archuleta*, 525

---

[1] Brackets in original.

F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status 'does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.'" (citation omitted)).

### B. Fed. R. Civ. P. 62.1

Plaintiff's notice of appeal divests this Court of jurisdiction over most matters. Under Fed. R. Civ. P. 62.1, however, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Thus, this Court has jurisdiction to deny the motions and does so for the reasons stated herein.

### C. Fed. R. Civ. P. 59 and 60

Rule 59(e) allows a district court to alter or amend a judgment. "'Grounds warranting a [Rule 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) (brackets in original) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law, [but it] is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012; *see also Matasantos Comm. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n.2 (10th Cir. 2001) (finding party waived theory that was not raised in original motion because a "motion for reconsideration is not, however, an

opportunity for the losing party to raise new arguments that could have been presented originally.").

Rule 60(b) contains six bases on which a party may obtain relief. A Rule 60(b) motion for relief from judgment[, however,] is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191-92 (10th Cir. 2018) (citation omitted). And, a "district court has substantial discretion in connection with a Rule 60(b) motion." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). The burden is on the moving party to prove relief is warranted under Rule 60(b). *See id.* (movant required "to plead and prove excusable neglect" (emphasis in original)).

### III.   DISCUSSION

#### A. The Rule 59/60 Motion

Plaintiff raises a number of arguments, but none show the Court should grant him any relief. The Court discusses why below.

First, Plaintiff moves under Rule 59(e) alleging errors in law and fact in the Court's Order of November 18, 2019 (the "Order on Unserved Defendants"[2]), asserting two[3] of the dismissed Unserved Defendants had been served with process and had until December 2, 2019 to file responsive pleadings. Thus, Plaintiff argues, the Court prematurely "closed" the case on November 18, 2019 when the Clerk entered final judgment. The Court finds otherwise.

Based on the Court's review of the record, on November 14, 2019, just before the Order on Unserved Defendants was entered, Plaintiff filed proofs of service on two of the six Unserved Defendants – the FDA and EEOC. The Court did not address this service in its Order on

---

[2] The six Unserved Defendants are the Food and Drug Administration ("FDA"); Equal Employment Opportunity Commission ("EEOC"); Deborah Zwany; Sara Winslow; Patrick Hannigan; and Omotunde Osunsanmi.
[3] It is unclear to the Court whether Plaintiff's argument relates to the FDA and EEOC as it vacillates. Regardless, the Court assumes Plaintiff's argument relates to both of these defendants.

Unserved Defendants. The Court has now considered this service but finds that even assuming, *arguendo*, Plaintiff effected service properly on these two Unserved Defendants, this service is nonetheless too late. Service of a party more than two and a half years after the case was filed is an unreasonable amount of time and no good cause has been shown for such delay, especially under the facts and circumstances of this case. *See* Fed. R. Civ. P. 4(m) & 4(i)(4). Thus, the Court finds no error in its conclusion that no relief may be had as to the Unserved Defendants and, accordingly, they were properly dismissed.

Next, Plaintiff argues there is new evidence or an "intervening change in state law" regarding liability of non-signatories to arbitrations, citing to *Santich v. VCG Holding Corp.*, 443 P.3d 62 (Colo. 2019). But Plaintiff has not shown how any such change in Colorado law affects the orders entered, impacts the dismissal of the Unserved Defendants, or requires the orders be altered or amended. Accordingly, the Court finds such argument fails to show relief may be granted.

Third, apparently relying on Rule 60(b), Plaintiff contends the Court erred in awarding fees and costs against Plaintiff in favor of the Federal Defendants who were dismissed, where none was requested. The Court, however, did not award fees to the Federal Defendants; the Court awarded fees to Defendant Amgen. As for costs, they are allowed to the prevailing party under Fed. R. Civ. P. 54.

Fourth, Plaintiff asserts he requested Defendant Amgen's fees and costs be shifted to the served or unserved Federal Defendants and no party opposed. Plaintiff forgets, however, that the only issue was the reasonable amount of fees to be awarded, not against whom they were to be awarded. And, Defendant Amgen recognized as such in its reply. (ECF No. 75.) Thus, contrary to Plaintiff's contention, no relief is warranted under Rule 60(b).

Finally, to the extent Plaintiff relies on previous arguments made and rejected, they are similarly rejected here. In summary, Plaintiff fails to show relief may be had under Rule 59(e) or Rule 60(b).

**B. The Rule 6 Motion and Removal Motion**

In the Rule 6 Motion, Plaintiff requests additional time to supplement his proposed First Amended Complaint and to effect service on the Unserved Defendants relying on several of the Federal Rules of Civil Procedure. In light of the Court's denial of the Rule 59/60 Motion, these requests are moot. Even if they are not moot, Plaintiff's arguments fail to show relief may be had. Essentially, Plaintiff raises the same arguments for relief, e.g., that he was confused, that have been rejected or raises arguments he could have raised previously but did not. Plaintiff fails to show he should be granted relief under any standard. *See* Fed. R. Civ. P. 6, 59(e), and 60(b). Accordingly, this motion is denied.

Similarly, the Removal Motion is also moot. Specifically, Plaintiff requests the status of various parties be changed, e.g., changing the United States from defendant to "Party in Interest." Plaintiff's request, however, is premised on this case being reopened. But, the Court find no basis to reopen this case or afford Plaintiff any relief.[4]

**IV. CONCLUSION**

Based on the foregoing, it is **ORDERED**

(1) That "Plaintiff's Motion to Reopen Case or the Motion to Alter or Amend or Set Aside or Vacate Judgment and Grant an Evidentiary Hearing in Order to Determine Jurisdictional Discovery with Brief in Support or, in the Alternate, Relief from Final Judgment Pursua[nt] to Fed. R. Civ. P. 60(b)" (ECF No. 89) is DENIED;

---

[4] The Court notes, in more than one instance in the papers, Plaintiff states this case is administratively closed. That is not the case. This case is closed because, except for any post-judgment matters which may be properly raised, it is over as before this Court.

(2) That Plaintiff's "Leave of Court to File Motion for Extension of Time in Order to Supplement the [Proposed] First Amended Complaint and Serve the Defendants' Dismissed Without Prejudice Pursuant to Fed. R. Civ. P. 6, D.C.COLO.LCivR 6.1 & 7.1 and Brief in Support" (ECF No. 90) is DENIED; and

(3) That Plaintiff's "Leave of Court to File Motion to Remove Defendants' from the Case Files" (ECF No. 91) is DENIED AS MOOT.

DATED this 7th day of January, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge