**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore**

Civil Action No. 17-cv-00637-RM-SKC

UNITED STATES EX REL. SAMUEL J. MAY, an individual,

    Plaintiff,

v.

UNITED STATES OF AMERICA;
THE DEPARTMENT OF JUSTICE, an agency of the United States;
THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, an agency of the United States;
FOOD AND DRUG ADMINISTRATION, an agency of the United States;
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, an agency of the United States;
DEBORAH ZWANY, SARA WINSLOW, in their individual capacities, Department of Justice;
PATRICK HANNIGAN, in his individual capacity, Office of Criminal Investigations; and
OMOTUNDE OSUNSANMI, in his individual capacity, Food and Drug Administration;

    Defendants,

v.

AMGEN USA INC., et al., a California and Delaware Corporation,

    Defendant.

---

**ORDER**

---

Before the Court is Plaintiff's Motion for "Leave of the Court to Reopen and Enforce Declaratory Judgment Amount and Remand to the Agencies for Payment Under the Prompt Payment Act." (ECF No. 123.) He has also filed a Motion for "Leave of the Court to File Surreply in Support of Dispositive Motion." (ECF No. 124.) No party responded to either Motion, but Defendant Amgen subsequently filed a Motion to Restrict Filings by Pro Se Plaintiff

(ECF No. 126), seeking an order restricting Plaintiff from making any additional filings in this case. All three Motions are denied for the reasons below.

Plaintiff filed this pro se action in March 2017, seeking a relator's share of a 2012 settlement to which he was not a party between Defendant Amgen and the United States. (*See* ECF No. 65 at 3.) Other relevant background, which the Court will not recite here, can be found in *United States ex rel. May v. United States*, No. 23-1323, 2024 WL 3518059, at *1-2 (10th Cir. July 24, 2024) (unpublished) ("*May III*"). The Court's dismissal of all Plaintiff's claims was affirmed by the United States Court of Appeals for the Tenth Circuit in *United States ex rel. May v. United States*, 839 F. App'x 214, 216 (10th Cir. 2020) (unpublished) ("*May I*").

Plaintiff then filed a "Motion to Stay the Mandate Pending Petition for Writ of Mandamus" (ECF No. 101), which the Court summarily denied (ECF No. 102). In *May III*, the Tenth Circuit affirmed the Court's denial of that motion. 2024 WL 3518059, at *2. The Tenth Circuit proceeded to construe Plaintiff's appeal as a petition for a writ of mandamus. *Id.* The Tenth Circuit noted that Plaintiff's previous petition for mandamus had been denied for failure to set forth a clear and indisputable right to any specific monetary relief, and it further concluded that nothing in the current appeal undermined that determination. *Id.* Accordingly, the Tenth Circuit once again denied mandamus relief, explaining that Plaintiff "ha[d] failed to demonstrate any right to payment arising out of *May I*, much less a clear and indisputable one." *Id.* at *3.

In light of this procedural history, Plaintiff's present Motion to Reopen is not well taken. Having considered the Motion, the Court finds there is nothing left for this Court to do in this matter. Plaintiff continues to imagine he is entitled to have *May I* enforced somehow, despite multiple rulings, most recently *May III*, expressly stating he has no right to any portion of the

2

settlement proceeds from the 2012 settlement between Defendant Amgen and the United States or to any other payment. As a result, the Court finds Plaintiff has failed to demonstrate good cause to reopen this matter.

The Motion to Reopen (ECF No. 123) is DENIED. Because the case remains closed, the other pending Motions (ECF Nos. 124, 126) are DENIED AS MOOT.

DATED this 10th day of January, 2025.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge